Josephine Linker Hart, Justice, concurring in part and dissenting in part. I concur with the majority’s speedy-trial analysis. However, I disagree with the majority’s analysis concluding that Kenneth Hinton received a fair trial. It is not clear whether the majority is holding that the circuit court did not err, that the circuit court’s error was harmless, or both. In any event, the majority is wrong. |iaIn focusing on dicta in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976),[1] the majority overlooked the essential point of the case. The United States Supreme Court specifically held in Estelle that “the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes.” Estelle, 425 U.S. at 512, 96 S.Ct. 1691. “[MJaking a defendant appear in prison garb poses such a threat to the ‘fairness of the factfinding process’ that it must be justified by an ‘essential state policy.’ ” Deck v. Missouri, 544 U.S. 622, 628, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005) (citing Estelle, 425 U.S. at 503, 505, 96 S.Ct. 1691). In Estelle, the Court stated, The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. Drope v. Missouri, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103, 113 (1975). The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice. [[Image here]] To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. [[Image here]] Unlike physical restraints, permitted under [Illinois v.] Allen, [397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) ], compelling an accused to wear jail clothing furthers no essential state policy. That it may be more convenient for jail administrators, a factor quite unlike the substantial need to impose physical restraints upon contumacious defendants, provides no justification for the practice, Estelle, 425 U.S. at 503, 505, 96 S.Ct. 1691. Thus, Estelle indicates that there is no essential state policy that would justify compelling a defendant to appear for trial before a jury in prison garb. Here, despite the availability of civilian clothing and counsel’s request that Hinton be tried in civilian clothing, the circuit court provided no reason for requiring Hinton to appear in prison garb at trial, stating, “So we are just going to go in there and get to trying.” In fact, the circuit court stated that it had “not been informed of any propensity for Mr. Hinton to act up in court.” Thus, the circuit court erred by compelling Hinton to appear for jury trial in prison garb. Further, the majority misses the mark in its assertion that, because Hinton was incarcerated at the time the crimes occurred, there was no prejudice. Given the inherent prejudice in requiring Hinton to appear for trial before a jury in prison garb, it cannot be said that compelling Hinton to appear in prison garb was harmless. Id. at 685, 125 S.Ct. 2007 (noting that the negative effects of compelling a defendant to wear prison clothing cannot be shown from the transcript). Thus, Hinton need not demonstrate actual prejudice to make out a due-process violation. Id. Moreover', the error committed here, compelling Hinton to appear for a jury trial in prison garb, was an error of federal constitutional dimension. Thus, the State was required to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Id. at 685, 125 S.Ct. 2007. luln any event, and even though not required to do so, Hinton did establish prejudice. As Hinton notes, his trial took place years after the incident at the Arkansas Department of Correction. His conclusion is correct: “It is logical that the jury would equate his continued incarceration with a prior conviction of a serious crime.” The criminal process assumes that the defendant is innocent until proved guilty. Id. at 630, 125 S.Ct. 2007. This presumption that a defendant is clothed in innocence was destroyed by the circuit court’s decision to compel this defendant to sit at the defense table in prison garb. In reaching its conclusion, the majority has relied on cases from our own court that predate Deck and are thus of doubtful precedential value. But even in the absence of Deck, Estelle compels reversal of the circuit court’s decision. Instead, the majority affirms an error of federal constitutional dimension and holds Hinton to a burden he does not have to meet. I respectfully dissent on this point. . The language relied on by the majority was merely an observation by the United States Supreme Court regarding the practices of lower courts, and the Court identified a split of authority regarding whether a defendant suffered prejudice when tried in prison garb for a crime that occurred in prison. Estelle, 425 U.S. at 507, 96 S.Ct. 1691. As discussed here, compelling a defendant to appear for jury trial in prison garb is inconsistent with the Fourteenth Amendment.